UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SERGIO ORTIZ, | ) |
|                Petitioner, | ) ) ) |
|          v. | )     No. 2:20-cv-00165-JPH-MJD ) |
| BRIAN SMITH, | ) ) |
|                Respondent. | ) |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Sergio Ortiz, an inmate of the Indiana Department of Correction ("IDOC"), has filed a petition for a writ of habeas corpus challenging his prison disciplinary conviction in case number ISF 19-12-0144. For the reasons explained below, the petition is **DENIED**.

**I.
LEGAL STANDARD**

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II.
## BACKGROUND

On December 2, 2019, IDOC Officer Maslin wrote a Report of Conduct charging Mr. Ortiz with conspiracy to engage in an unauthorized financial transaction, a violation of IDOC Adult Disciplinary Code B-240/222. Dkt. 7-1. The Report of Conduct states:

> On 12/02/19 at approx. 13:36 PM Phone calls were reviewed by BY OII Maslin #399 that clearly indicates offender Sergio Ortiz #199568 was conspiring to engage in an unauthorized financial transaction during the call placed on 10/14/19 at 19:58PM at 14 N A phone # 2 @00:51 into the call Offender: Right now its about to be over, but I dont want you to put on mine. I need you to put on the other one Callee: ok, you're going to be out of time on this one and you want me to put on the other one? How much? Offender: Yes, do you have the number? The 7232 no wait 220725 Callee: yup, how much Offender: Put L F because I'll be calling you a bunch.
>
> *220725 is the IDOC number to offender Thomas Lundy*
>
> * the letters L and F are code talk for a specific amount of money to place on offender Lundy phone *

*Id.* (errors in original).

On December 13, 2019, Mr. Ortiz was notified of this charge when he received a copy of the Screening Report. Dkt. 7-3. He pleaded not guilty and requested a lay advocate. *Id.* He did not ask to call any witness, but he did request the "phone call audio." *Id.*

Prison officials produced a transcript of the phone call. Dkt. 7-2. Although the transcript does not include a disciplinary case number, it does contain the words, "Ortiz call 10/14/19 for CAB written on 12/2/19." *Id.* The transcript also includes the same language as the Report of Conduct. *Id.*

On December 20, 2019, this matter proceeded to a disciplinary hearing. Dkt. 7-5. Mr. Ortiz told the hearing officer he had "Nothing to say." *Id.* The hearing officer considered this statement, staff reports, and evidence from witnesses and found him guilty. *Id.* Mr. Ortiz received a suspended

2

loss of 90 days credit time and imposition of a previously suspended demotion in credit-earning class. *Id.*

Mr. Ortiz appealed his disciplinary conviction to the Facility Head and the IDOC Final Reviewing Authority. Dkt. 7-6; dkt. 7-7. In his appeal, Mr. Ortiz argued that the Report of Conduct, which serves as a "charging instrument or a[n] affidavit" for prison disciplinary cases, was not sufficiently detailed because it failed to mention that the phone call was in Spanish and had to be translated to English and also failed to mention "how that translation took place to come to a conclusion of what was being said in this phone call." Dkt. 7-6. Mr. Ortiz also argued that the transcript should have been excluded because it did not include the disciplinary case number. *Id.* These appeals were denied. Dkt. 7-6; dkt. 7-7.

## III.
## DISCUSSION

In his petition, Mr. Ortiz raises the following issues: (1) the Report of Conduct fails to mention that the phone call was conducted in Spanish and later translated into English; (2) the Report of Conduct "fails to articulate how it was determined that the letters L, and F, are code talk"; (3) the transcript of the phone call does not have a disciplinary case number "to show it is the transcribed call related to this Report of Conduct (ISF 19-12-0144)"; (4) "the Report of Conduct does not determine who the callee is or the phone number"; and (5) the hearing officer was not impartial because he used Mr. Ortiz's silence as evidence against him, in violation of IDOC policy and he failed to list the "phone record" as evidence considered in finding Mr. Ortiz guilty. Dkt. 1, pp. 3-4.

### A. Exhaustion of Administrative Remedies

Indiana prisoners challenging their disciplinary convictions may only raise issues in a petition for a writ of habeas corpus that were previously raised in a timely appeal to the Facility

Head and then to the IDOC Final Reviewing Authority. *See* 28 U.S.C. § 2254(b)(1)(A*); Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

The respondent argues that Mr. Ortiz has not exhausted his administrative remedies regarding all the issues in his petition. Dkt. 7, pp. 6-10. In reply, Mr. Ortiz argues that this failure should be excused because he has a limited grasp of the English language and was denied a translator at his disciplinary hearing. He also argues that his administrative appeals "were done by an untrained person in perfecting disciplinary appeals." Dkt. 9, paras. 2, 3. In the interest of judicial efficiency, the Court uses its discretion to address the petition on the merits before considering the comparatively difficult question of exhaustion. *See Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018).

### B. Report of Conduct

Mr. Ortiz raises three issues related to the adequacy of the Report of Conduct: it failed to mention the phone call was in Spanish and later translated into English; it failed to explain how the letter "F" and "L" are code talk, and it does not state the name or phone number of the person he was allegedly talking to during the phone call. Liberally construed, these arguments amount to claims of inadequate notice and insufficient evidence.

Due process requires that an inmate be given advanced "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations and quotation marks omitted). The Report of Conduct in this case informed Mr. Ortiz of the rule he allegedly violated and provided a summary of facts supporting the charge. Although the Report of Conduct does not indicate that the phone call was in Spanish, explain the basis for

the officer's belief that "F" and "L" are code talk, or identify the name or phone number of the person on the other end of the call, Mr. Ortiz has not explained how he was prejudiced by these omissions. In addition, the Court discerns no prejudice to Mr. Ortiz. Accordingly, his request for relief on this issue is **DENIED**.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 600, 675 (7th Cir. 2012) ("The some evidence standard is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence standard" is much more lenient than the beyond a reasonable doubt standard. *Moffat*, 288 F.3d at 981.

Mr. Ortiz's disciplinary conviction is supported by the Report of Conduct and the transcript of the phone call. His argument that these documents do not indicate that the phone call was translated from Spanish appears to suggest that the translations may have been faulty. His argument that the officer failed to explain his belief that "F" and "L" are code talk suggest that the officer might have been mistaken in reaching this conclusion. These are essentially requests to reweigh the credibility of the officers who wrote or translated these documents, which the Court may not do. *See Calligan v. Wilson*, 362 F. App'x 543, 545 (7th Cir. 2009) (citing *Hill*, 472 U.S. at 455; *Scruggs*, 485 F.3d at 941).

Mr. Ortiz's argument that the Report of Conduct failed to identify the name and phone number of the person on the other end of the call is also unpersuasive, as that person's identity is not an element of the offense with which he was charged. *See* dkt. 7-8, pp. 6-7. Accordingly, his request for relief on this issue is **DENIED**.

### C. Phone Call Transcript

Mr. Ortiz argues that "the transcribed call report does not have a case number on it to show it is the transcribed call related to this Report of Conduct (ISF 19-12-0144)." Dkt. 1, p. 3. However, while the transcript does not include the disciplinary case number, it includes other information that establishes its connection to this case. The subject line of this report is "Ortiz call 10/14/19 for CAB written on 12/2/19." Dkt. 7-2. These are the same times and dates listed in the Report of Conduct. The transcript also includes the statements from the phone call that are quoted in the Report of Conduct. Accordingly, his request for relief on this issue is **DENIED**.

### D. Hearing Officer

Mr. Ortiz argues that the hearing officer was not impartial because he used Mr. Ortiz's silence as evidence against him and failed to list the "phone call" as evidence in the Report of Disciplinary Hearing.

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie*, 342 F.3d at 666; *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Mr. Ortiz has not overcome the presumption that the hearing officer was impartial. An inmate's silence may be used against him in a prison disciplinary proceeding so long as there is additional inculpatory evidence before the hearing officer. *See Castillo v. Johnson*, 592 F. App'x 499, 501 (7th Cir. 2014) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)). As explained above, the hearing officer relied on sufficient evidence, in addition to Mr. Ortiz's silence, to find him guilty. Regarding the hearing officer's alleged failure to consider the "phone call," this argument is without merit. The hearing officer indicated that he relied on "Staff Reports," which would have included the transcript of the phone call at issue in this case. Accordingly, Mr. Ortiz's request for relief on this ground is **DENIED**.

## IV.
## CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles the petitioner to the relief he seeks. Accordingly, the petition for a writ of habeas corpus must be **DENIED** and the action **DISMISSED**.

**SO ORDERED**.

Date: 5/11/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

7

Distribution:

SERGIO ORTIZ
199568
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL
natalie.weiss@atg.in.gov